392

### In re O'DOWD.
### Patent Appeal No. 2625.

Court of Customs and Patent Appeals.
Feb. 25, 1931.

Luther E. Morrison, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals affirming the decision of the Primary Examiner rejecting claims 25, 26, 27, 28, and 29 in appellant's application for an alleged invention relating to a structure for supplying additional air to the jets of a gas burner "disposed beneath a closed cooking-top plate."

Claim 25 is illustrative. It reads:

"25. In combination with a gas burner disposed beneath a closed cooking-top plate and providing gas-jet nozzles, a conduit member substantially enclosing said burner and arranged to direct air flowing upwardly therethrough obliquely into the combustion portions of the jets directed from said nozzles."

It appears from the record that the appealed claims were copied by appellant from the patent to Huetteman et al., No. 1,650,359, issued November 22, 1927, for the purpose of securing a declaration of interference between the patent and appellant's application.

The tribunals of the Patent Office held that appellant's application disclosed a plurality of gas burners within a chamber; that the chamber was not arranged "to direct air flowing upwardly through the burner obliquely into the combustion portion of the jets"; that appellant's structure had nothing which could be described as a conduit member substantially inclosing the burner, whereas the patent from which the appealed claims were copied disclosed a structure in the form of a conduit substantially surrounding each burner and arranged to direct the air into the combustion portions of the jets as stated in the claims; and that, as the involved claims are expressly limited to a "conduit member substantially inclosing said burner and arranged to direct air flowing upwardly therethrough obliquely into the combustion portions of the jets directed from said nozzles," appellant was not entitled to make them.

After describing appellant's disclosure, the Board of Appeals, among other things, said:

"The same general arrangement is shown in the patent to Huetteman et al., and the claims on appeal were copied from this patent. In Huetteman's construction, however, the member which corresponds to appellant's structure just described extends down below the top of the burner and nearly to the bottom of the same. In the patent this structure is referred to as a conduit, and the claims appealed all include a statement that the conduit substantially encloses the burner. It is clear that the plate 18 of appellant's structure does not enclose the burner but lies in and projects from a plane substantially at the top of the burner. Appellant contends, however, that since the burner is mounted in a chamber in the gas stove that the plate 18 merely shows the top of a chamber which may be regarded as a conduit. Technically this may be true but we do not consider the chamber of the stove as material to the direction of the air up past the burner and to the jets. Doubtless the conduit to Huetteman is placed in a similar chamber, or, if it is not, that it could be so placed without disturbing the control of the air. In our opinion, therefore, the structure referred to by Huetteman as a conduit should be construed as the surrounding annular member close to the burner and should not in any way be considered as referring to a chamber in which the structure may, or may not, be positioned. Appellant contends that his structure will function in the same manner as that of the patentee, but in view of the specific limitation in the claims of the patent involved in this appeal, we find it unnecessary to enter into a consideration of this point."

Whether the conduit, disclosed as substantially surrounding a burner and specifically claimed in the patent to Huetteman et al., should be considered as limited to an annular shape, as stated by the Board of Appeals, is unnecessary for us to determine. It seems clear to us, however, that appellant does not

disclose in his application a structure in any way similar to the conduit disclosed and claimed by Huetteman et al. We are of opinion, therefore, that the appealed claims do not read on appellant's disclosure.

The decision is affirmed.

Affirmed.

## In re PITT.
### Patent Appeal No. 2634.

Court of Customs and Patent Appeals.
March 2, 1931.

Henry J. Lucke, of New York City (Paul A. Blair and J. H. Kilcoyne, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals affirming the decision of the Primary Examiner denying claims 11, 12, 13, 14, 15, 16, 17, and 18 of appellant's application for an alleged invention relating to improvements in transmissions for automobiles or other motor-driven vehicles.

Claim 13 is illustrative. It reads:

"13. Centrifugally-controlled variable-speed gearing, comprising a driving member and a driven member coaxial therewith, a gear secured to revolve with each of said members, said gears being of different diameters, a housing arranged for rotation independently of said members about the common axis thereof, planet shafts revolubly mounted in the housing in symmetrical relation to said common axis, a pair of planet gears of different diameters on each planet shaft, each of said planet gears engaging one of the gears first mentioned, and an eccentric weight secured on each planet shaft, the lines intersecting the planet axes and the centers of gravity of the respective weights being all at equal and symmetrical angles to radii intersecting said common axis and the respective planet axes, and the weights all extending radially outward at one part of each rotation of the planet shafts."

The references are: Bicknell, 60,126, December 4, 1866; Masterman, 341,491, May 11, 1886; Lombard, 741,686, October 20, 1903; Lefinski, 760,218, May 17, 1904; Coleman, 1,525,070, February 3, 1925; Burri, Fr., 603,223, January 7, 1926.

Appellant's alleged invention is sufficiently described in the quoted claim.

Each of the tribunals below held that the involved claims were unpatentable over the references of record.

The Examiner concluded an exhaustive discussion of the issues by holding that "applicant has incorporated the ideas" disclosed in the patents to Lombard and Burri "with those of Lefinski without producing a new result."

The Board of Appeals, after describing fully the mechanism disclosed by appellant and that shown in the patent to Lombard, said:

"As the retarding means for the planet gears Lombard employs braking mechanism instead of centrifugal weights as in the application. However, it is old, as disclosed in the patents to Coleman and Burri, to employ centrifugal weights mounted on planet gear shafts for the purpose of retarding movement. In Coleman these weights are illustrated in their outer position in Figure 1 and in their inner position in Figure 3. The patent explains, page 1, lines 69 et seq. that the retarding action occurs during those portions of the cycle of revolution in which the weights are moving inwardly. In Burri the same action necessarily results and a fly wheel 13 is mounted on the driven shaft which functions like appellant's fly wheel 43 to steady the driving movement.

"Claims 11, 12, 13, 15, and 16 are deemed unpatentable over Lombard, taken in connection with either Coleman or Burri. It is not seen that invention can be predicated upon the use of the old form of centrifugal retarding means shown in the latter references in lieu of the frictional retarding means disclosed in Lombard.